UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| STEVEN C. MINNIS, | |
|---|---|
| Plaintiff, | Case No. 3:12-cv-00348-EJL-CWD |
| v. | **REPORT AND RECOMMENDATION** |
| CITY OF LEWISTON, IDAHO, | |
| Defendant. | |

Pending before the Court are the Motion for Summary Judgment (Dkt. 21) and Motion to Strike (Dkt. 28) filed by Defendant, the City of Lewiston, in connection with Plaintiff Steven C. Minnis's claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA"). Both motions are before the undersigned pursuant to an order of reference entered by District Judge Edward J. Lodge on October 21, 2013. (Dkt. 29.) For reasons explained more fully below, the Court will recommend that summary judgment dismissal of all of Plaintiff's claims be granted in favor of the City and that the motion to strike be denied as moot.

## BACKGROUND

Plaintiff Steven C. Minnis is a former Division Chief in the Lewiston Fire Department. Minnis alleges that the City discriminated against him based on his race (Japanese and Caucasian) and his age (over 40 years). Specifically, Minnis claims the City violated federal law by: (1) subjecting Minnis to unusually harsh discipline for violations of the City's Internet/Email Policy in 2007; (2) terminating Minnis's employment in retaliation for Minnis's filing of an internal complaint against City Manager John Krauss in 2008; and (3) continuing to discriminate against Minnis by not rehiring him after the termination of his employment in 2009. (Compl., Dkt. 1.) Minnis also claims the City violated the implied covenant of good faith and fair dealing under Idaho law by terminating his employment for impermissible reasons.

The City argues it is entitled to summary judgment on all of Minnis's claims. In particular, the City contends Minnis's federal claims are untimely and that Idaho law bars Minnis' implied covenant claim. In addition, the City moves to strike various materials Minnis included in his opposition to the City's motion for summary judgment. The Court heard oral argument on both motions on January 13, 2014, and these matters are ripe for review.

## DISCUSSION

1. **Motion for Summary Judgment**

    a. **Standard for Summary Judgment**

    Rule 56 of the Federal Rules of Civil Procedure directs the Court to "grant summary judgment if the movant shows there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Critically, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Freecycle Sunnyvale v. Freecycle Network*, 626 F.3d 509, 514 (9th Cir.2010) (quoting *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir.2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may carry this burden by introducing affirmative evidence (such as affidavits or deposition excerpts) or by simply pointing out the absence of evidence to support the nonmoving party's case. *Fairbanks v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). Such a showing shifts the burden to the nonmoving party, who must produce evidence sufficient to support a jury verdict in the nonmovant's favor. *See id*. The nonmovant must go beyond the pleadings and show "by… affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 324.

      b.     **Undisputed Material Facts**

The facts material to the City of Lewiston's Motion for Summary Judgment pertain to whether Minnis timely filed his Complaint, (Dkt. 1), and whether he complied

with the Idaho Tort Claims Act before filing his state law claim against the City. Although the City also contests the timeliness of the administrative charges or complaints of discrimination Minnis filed with the Idaho Human Rights Commission (IHRC) and the United States Equal Employment Opportunity Commission (EEOC), the threshold issue is whether the Complaint was timely filed to preserve Minnis' rights under Title VII and the ADEA. Minnis pursues no claims under Idaho's antidiscrimination statute, Idaho Code Section 67-5901, et. seq., in his Complaint.

With regard to timeliness, there is no dispute that, following investigation of Minnis's administrative complaint by the IHRC, the EEOC adopted the IHRC's findings and mailed its Dismissal and Notice of Rights to Minnis's Lewiston post office box on March 15, 2012. (Hansen Aff. Ex. C, Dkt. 22-1 at 17.) This notice was mailed to the same post office box Minnis provided as his mailing address on the Charge of Discrimination he dual filed with the IHRC and EEOC. (Hansen Aff. Ex. A, Dkt. 22-1 at 1.) Upon request, counsel for Minnis received a copy of the Dismissal and Notice of Rights by fax from the EEOC on April 11, 2012. (*Id.* at 16; Jensen Aff. ¶¶ 8-9, Dkt.24-6.) Minnis filed his Complaint on July 10, 2012—90 days after his counsel received the notice. (Dkt. 1.) There is no evidence in the record of whether or when Minnis personally, rather than through counsel, received the notice of suit rights from the EEOC.[1]

---

[1] At Minnis's deposition, counsel for the City asked Minnis when he received a copy of deposition Exhibit No. 11, "a copy of the Human Rights decision." (Minnis Dep. 76:19-24, Dkt. 37 at 4.) Deposition Exhibit 11 is not in the record before the Court, nor is the title of the document clear from the transcript. However, at the hearing on this matter, counsel for both

With regard to the Idaho Tort Claims Act, there is only one material fact. Minnis did not file a Notice of Tort Claim with the Lewiston City Clerk's Office before filing his claim against the City for breach of the implied covenant of good faith and fair dealing. (Bennett Aff., Dkt. 21-3.)

None of the above facts are in genuine dispute.

c. **Minnis's Federal Claims Are Time-Barred**

Under Title VII, once the EEOC sends a claimant notice of the right to sue, "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge… by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5(f)(1). Likewise, once the EEOC gives notice of the right to sue, the ADEA provides that "[a] civil action may brought under this section… against the person named in the charge within 90 days after the date of receipt of such notice." 29 U.S.C. § 626(e). Thus, both statutes set out a 90-day statute of limitations, and failure to file a civil action within the limitations period is fatal to the plaintiff's claims. *O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006). The Court will "measure the start of the limitations period from the date on which the right-to-sue notice letter arrived at the claimant's address of record." *Payan v. Aramark Mgmt. Servs. Ltd.*, 495 F.3d 1119, 1122 (9th Cir. 2007).

Here, the record is silent as to when Minnis personally received the EEOC's Dismissal and Notice of Rights. In the absence of evidence of actual receipt, there is a

---

parties confirmed that "Exhibit No. 11" was a copy of the IHRC decision on Minnis's charge. This document is distinct from the EEOC Dismissal and Notice of Rights.

**REPORT AND RECOMMENDATION - 5**

rebuttable presumption that the plaintiff received the notice three days after it was sent in the mail. *Id.* at 1126. This presumption may be rebutted by "evidence suggesting that receipt was delayed beyond the presumed period" such that the plaintiff did not receive the notice "in the ordinary course." *Id*. But general averments that the mail is sometimes delayed or unsupported conjecture will not support a finding of delayed receipt. *Id.*

The EEOC's Dismissal and Notice of Rights—which expressly states "[y]our lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**[,] or your right to sue based on this charge will be lost"—was mailed to Minnis on March 15, 2012. (Hansen Aff. Ex. C, Dkt. 22-1 at 17.) The mailing address on the notice is a post office box in Lewiston, Idaho, the same post office box indicated as Minnis's mailing address on his Charge of Discrimination filed with both the IHRC and EEOC. There is no evidence in the record that Minnis did not have access to this post office box on the presumed receipt date or that the EEOC actually mailed the notice on a later date. Accordingly, the Court will presume Minnis received the EEOC's Notice on March 18, 2012. In turn, June 16, 2012, was the presumptive deadline for Minnis to file his civil action alleging violations of Title VII and the ADEA. However, Minnis filed his Complaint on July, 10, 2012—114 days after Minnis presumptively received the Dismissal and Notice of Rights letter.

Minnis argues his Complaint is timely because it was filed within 90 days of April 11, 2012, the date on which his counsel received its copy of the EEOC notice. In other words, Minnis requests that the Court equitably toll the 90-day limitations period "because EEOC elected to forego notifying Minnis'[s] known counsel, and instead sent

**REPORT AND RECOMMENDATION - 6**

notice to some other address." (Dkt. 23 at 12.) In support of this equitable argument, Minnis references a 2012 Worksharing Agreement between the IHRC and the EEOC and the EEOC's Integrated Mission System Privacy Impact Assessment ("IMS-PIA"). Minnis also suggests tolling is warranted with an oblique reference to the United States Supreme Court's decision in *Zipes v. Trans World Airlines, Inc. Indep. Fed'n of Flight Attendants*, 455 U.S. 385 (1982). None of these sources support Minnis's equitable tolling argument.

The Court, in its discretion, may apply equitable tolling when "the party invoking tolling was unable, despite due diligence, to discover the existence of a claim." *Scoop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1195 (9th Cir. 2001). If equitable tolling applies, the relevant limitations period runs from the date the plaintiff knew or reasonably should have known of the existence of the claim. *Id.* Critically, the equities must balance in favor of tolling the limitations period, and the pivotal factor is the diligence of the party invoking the equitable remedy. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam).

The Worksharing Agreement and IMS-PIA, (Exs. to 3d Tallmon Aff., Dkt. 26-1, -2), merely stand for the proposition that the EEOC and IHRC share information as necessary to process charges of employment discrimination. The IMS-PIA specifies that details such as complainants' and respondents' names, addresses, and phone information will be collected. (Dkt. 26-2 at 3.) And the Worksharing Agreement states that the EEOC and IHRC should share information such as "identifying and contact information… used by agency staff to send official correspondence…." (Dkt. 26-1 at 7.) But nowhere do these documents specify or require by policy, rule, or otherwise that correspondence must

**REPORT AND RECOMMENDATION - 7**

be sent to counsel for a represented claimant rather than to the claimant's address of record.

Minnis offers no legal authority for the proposition that EEOC right-to-sue letters must be sent to claimant's counsel rather than to the claimant's address of record. Nor is there any support for the notion that the EEOC's notice is not effective until counsel receives it.[2] Moreover, the EEOC form that Minnis used to submit his Charge of Discrimination instructs: "If you do retain an attorney, please give [the EEOC] your attorney's name, address and phone number, and ask your attorney to write us confirming such representation." (Hansen Aff. Ex. A, Dkt. 22-1 at 5.) There is no indication that Minnis complied with this instruction until Minnis's counsel—aware that such notice was needed before a civil action alleging federal employment discrimination claims could be filed—formally requested a copy of the EEOC's Notice of Right to Sue on April 10, 2012. (Jensen Aff. ¶ 8, Dkt. 24-6.) One day later, the EEOC faxed Minnis's counsel a copy of the Notice of Rights that clearly indicated it had been mailed to Minnis's post office box on March 15, 2012. (*Id.* at ¶ 9.) At that time, more than 60 days remained for Minnis to file his federal complaint within the presumptive limitations period. Yet the complaint was not filed until July 10, 2012—weeks after the limitations period expired.

---

2    Minnis invites the Court to infer that the EEOC should have known all correspondence should have been routed through his counsel by virtue of "numerous contacts [by counsel] with the Idaho Human Rights Commission, during which the firm was identified as counsel of record for Mr. Minnis." (Jensen Aff. ¶ 6, Dkt. 24-6.) It is not clear from any of the material in the record that the unspecified "contacts" with the IHRC were or needed to be shared with the EEOC under the Worksharing Agreement. Further, none of the materials of record that were filed with both agencies provide contact information for Minnis's counsel or even state that he is represented by counsel.

**REPORT AND RECOMMENDATION - 8**

Minnis claims that the *Zipes* decision supports his equitable tolling argument. In *Zipes*, the Supreme Court of the United States held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." 455 U.S. at 393. The *Zipes* Court cited the remedial purpose of Title VII as grounds for finding that statutory time limits are "subject to waiver as well as tolling *when equity so requires*." *Id.* at 398 (emphasis added). But it is one thing to state a general rule; it is quite another to find the rule applies in a particular case.

Here, the Court finds no equitable reason to toll the 90-day limitations period. Minnis's lack of diligence and the Supreme Court's admonition that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants" buttress this finding. *Baldwin*, 466 U.S. at 152. Minnis claims EEOC's failure to send the right-to-sue notice to his counsel should toll the 90-day limitation period until counsel actually received the letter on April 11, 2012. Notably absent from that claim is any indication that Minnis did not personally receive the notice on the presumptive delivery date or any justification for not timely filing the complaint once counsel received a copy of the notice. Further, there is no evidence that the EEOC, IHRC, or City took any action to interfere with Minnis's ability to file suit timely.

Even though Minnis's counsel had not seen the Notice of Rights letter until April 11, more than two months remained for Minnis to preserve his rights before the

presumptive deadline.[3] Minnis offers no explanation for his failure to use this time to his advantage, nor does he suggest that some "affirmative misconduct on the part of [the City] lulled [him] into inaction." *Id.* at 151. "One who fails to act diligently cannot invoke equitable principles to excuse the lack of diligence." *Id.* Therefore, all of Minnis's federal claims under Title VII and the ADEA are subject to dismissal for failure to file a civil action within 90 days of receiving the EEOC's Dismissal and Notice of Rights letter.

### d. Minnis's State Law Claim Is Barred by the Idaho Tort Claims Act

Minnis also alleges the City of Lewiston breached the covenant of good faith and fair dealing implied into his employment contract by terminating his employment for improper reasons. Further, Minnis claims to have suffered "lost earnings and other economic damages, both past and future" due to the alleged breach. (Compl. ¶ 40, Dkt. 1.) The City argues the implied covenant claim must be dismissed as a matter of law for failure to comply with the Idaho Tort Claims Act.

Idaho law dictates that "[a]ll claims for damages against a city must be filed as prescribed by chapter 9, title 6, Idaho Code." Idaho Code § 50-219. In turn, the Idaho Tort Claims Act's notice provision mandates:

---

[3] Similar to his federal discrimination claims, Minnis had 90 days from the issuance of IHRC's notice of administrative dismissal in which to file a civil action alleging violations of Idaho's antidiscrimination statute. Idaho Code § 67-5908(2). The IHRC issued Minnis a notice of administrative dismissal on February 27, 2012. (Hansen Aff. Ex. B, Dkt. 22-1 at 13.) Counsel for Minnis received the IHRC notice via email on March 1, 2012. (Jensen Aff. ¶ 7, Dkt. 24-6.) Thus, when counsel for Minnis received the EEOC' Dismissal and Notice of Rights on April 11, 2012, several weeks remained for Minnis to timely file claims under both state and federal antidiscrimination laws.

> All claims against a political [subdivision] arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

*Id.* § 6-906. Only if a claim is presented to the city in the manner specified above and then denied, may the claimant sue the city for money damages. *Id.* §§ 6-908, -910. "Compliance with the Idaho Tort Claims Act's notice requirement is a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate." *McQuillen v. City of Ammon*, 747 P.2d 741, 744 (1987) (citing Idaho Code § 6-908). Although Minnis's implied covenant claim is not a tort claim, the Idaho Supreme Court has determined that "all claims" against a city must comply with the Tort Claims Act's procedures. *Bryant v. City of Blackfoot*, 48 P.3d 636, 640-41 (2002) (affirming dismissal of claims for wrongful termination and breach of the implied covenant of good faith and fair dealing for failure to provide notice under the Idaho Tort Claims Act).

It is undisputed that Minnis did not notify the City of his implied covenant claim, as required by Idaho law. Thus, Minnis's claim that the City breached the implied covenant of good faith and fair dealing is barred. Apparently conceding this result, Minnis argues that failure to comply with the Idaho Tort Claims Act is not fatal to his claim for equitable relief— namely, that he be recalled to his position with the City. Regardless of whether claims for equitable relief are beyond the scope of the Idaho Tort Claims Act, Minnis's claim that the City breached the implied covenant is styled as a

**REPORT AND RECOMMENDATION - 11**

claim for "economic damages," not equitable relief. (Compl. ¶ 40, Dkt. 1.) Moreover, Minnis's untimely federal discrimination claims might have warranted equitable remedies, but his state law contract claim certainly does not. The City is entitled to judgment as a matter of law on Minnis's claim for breach of the implied covenant of good faith and fair dealing.

2.     **Motion to Strike**

The City moves to strike three pieces of evidence that Minnis offers in opposition to the City's motion for summary judgment. Specifically, the City requests the Court strike: (1) an "Initial Charge" dated March 21, 2010 and introduced for the first time in this litigation as Exhibit G to the Affidavit of Geoffrey D. Talmon in Support of Response to the Motion for Summary Judgment (Dkt. 24-7); (2) Paragraph 19 of Plaintiff's Statement of Facts (Dkt. 23-1); and (3) excerpts from the deposition of Fire Chief Gordon Gregg (Dkt. 24-2). However, none of this evidence pertains to the dispositive issues in this case: whether Minnis timely filed his federal complaint or whether Minnis's state law claim complies with the Idaho Tort Claims Act. Because the Court concludes that the City is entitled to summary judgment on those issues, the Court need not consider evidence relevant to other issues. Accordingly, the Court recommends that the motion to strike be denied as moot.

## CONCLUSION

Summary judgment dismissal of all of Minnis's claims is appropriate. Although the City of Lewiston argues that Minnis's federal discrimination claims do not survive on other grounds, the Court need not address these arguments because Minnis's federal

**REPORT AND RECOMMENDATION - 12**

claims are time-barred. Further, both the law and Minnis's lack of diligence indicate that equitable tolling is unwarranted. Minnis's state law claim fails because he did not notify the City of his economic damages claim before filing suit, as required by Idaho law. Therefore, the undersigned will recommend that the City's motion for summary judgment be granted and the motion to strike be denied as moot.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Defendant's Motion for Summary Judgment (Dkt. 21) be **GRANTED**.

2) Defendant's Motion to Strike (Dkt. 28) be **DENIED AS MOOT**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **January 28, 2014**

Honorable Candy W. Dale
United States Magistrate Judge